UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No: 16-51533
                                                  Hon. Victoria A. Roberts

v.

WILLYE PEARSALL,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR HEARING ABOUT THE GARNISHMENT (ECF NO. 8)

### I. Procedural Posture

Willye Pearsall ("Pearsall") is a former Detroit Public School principal who was sentenced for Conspiracy to Commit Federal Program Bribery under 18 U.S.C. § 371 and § 666(a)(1)(B) in September 2016.

The United States of America ("the U.S.") filed a writ for continuing garnishment as to Pearsall with the Garnishee Office of Retirement Services ("ORS"). Pearsall filed a Request for a Hearing about the Garnishment and Claim for Exemptions, in which she states that she "disputes the sum to be garnished as calculated." This is not a valid reason for a garnishment hearing under 28 U.S.C. § 3202(d). For this reason, Pearsall's request is **DENIED.**

1

## II. Rule of Law and Application to Defendant

The federal government has the authority to enforce monetary judgments under the Federal Debt Collection Procedures Act. 28 U.S.C. § 3202(a). The statute provides that after receiving a notice of garnishment, a judgment debtor has 20 days to request a hearing, and by doing so may move to quash the order granting the garnishment as restitution. Where no default judgment is at issue, "the issues at such hearing shall be limited-- (1) to the probable validity of any claim of exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3202(d).

While the statutory language requires that the court "shall hold a hearing…as soon as practicable," courts have denied requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *U.S. v. Miller*, 588 F. Supp. 789, 797 (W.D. Mich. 2008) (denying a hearing where debtor failed to identify any valid objections to the writ of garnishment). If a defendant/debtor does not raise either of the statutorily permissible issues in her request for a garnishment hearing, the request should be denied. *See also U.S. v. Mahar,* 42 F.3d 1389 (6th Cir. 1994) (debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *U.S. v. Lawrence*, 538 F. Supp. 3d 1188, 1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.")

Pearsall's request is subject to 28 U.S.C. §3202(d). Her case did not involve a default judgment. Therefore, the only permissible issues that she could raise at a hearing are the probable validity of her claim for exemption or compliance with any statutory requirement for the issuance of the postjudgment remedy granted.

Pearsall raises neither of these issues. While a Claim for Exemption Form was included with her request, she did not check off any exemptions. She also does not raise an issue concerning compliance with statutory requirements. Her request merely states that she "dispute[s] the sum and calculations of the amount to be garnished," which is $50,000. This is not a permissible subject for a §3202(d) hearing. *See U.S. v. Mahar, supra*.

Because Pearsall's request for a garnishment hearing is subject to the limitations of §3202(d) and she fails to comply with the statutory boundaries, Pearsall's request is **DENIED.**

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 21, 2016

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 21, 2016.<br><br>s/Linda Vertriest<br>Deputy Clerk |